MARTÍNEZ ET AL., PETITIONERS AND APPELLEES, *v.* MARTÍNEZ, CONTESTANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action for the Appointment of an Administrator and for Provisional Support.

No. 1706—Decided February 19, 1918.

ADMINISTRATION—PROVISIONAL SUPPORT—APPEALABLE ORDERS.—An order overruling the opposition to the appointment of a judicial administrator is a final judgment, as it puts an end to the claim of opposition, and therefore is appealable, as is also an order granting provisional support entered after judgment, according to section 295 of the Code of Civil Procedure.

ID.—APPEAL—EXECUTION—STAY.—*Quaere:* When execution of judgment is considered stayed by an appeal.

ID.—JUDICIAL NOTICE—AMENDMENT.—The Supreme Court will not take judicial notice of another record in any but exceptional cases, although in a proper case it might permit, in the interest of justice, an appellant to amend his record.

ID.—LEGITIMATE SON—POSSESSION—ORDINARY ACTION.—The fact that a legitimate son is in possession of the property of the ancestor and contests every step that some other heirs take for the appointment of an administrator does not make it necessary for such other heirs to have recourse to an ordinary suit nor prevent the appointment of such administrator.

ID.—AVERMENT OF PETITION—PROPERTY—EXHIBITS.—In a petition for administration there is no necessity for anything but a general averment of the property to be administered, and it is not at all necessary to attach the particular deeds as exhibits to the petition.

ID.—APPOINTMENT OF ADMINISTRATOR—LEGITIMATE CHILD—EXCEPTIONAL CASE.—When there is no question of a widower it is evident that as between heirs a legitimate son should generally be preferred to illegitimate children; but when the legitimate heir is in possession of all of the property and the peti-

tion avers that he claims part of it as his own to the exclusion of the minor heirs, the case becomes an exceptional one and the court may vary the practice.

ID.—ANSWER.—*Quaere:* Whether the facts of a petition ought not to be taken as confessed when the answer or contest is vague and ambiguous.

The facts are stated in the opinion.

*Messrs. Víctor P. Martínez* and *Luis Muñoz Morales* for the appellant.

*Messrs. Carlos Franco Soto* and *Juan B. Soto* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellees in this case made an application to the District Court of Aguadilla for the appointment of a judicial administrator and subsequently they also filed an application for provisional support. The court acted favorably on both applications and the appeal is from both the orders against the *opositor,* or contestant, in the court below. The application for the appointment of an administrator avers, among other things, that Víctor Martínez y Martínez left property subject to partition and then recites a detailed account of such property. A motion was filed by the appellant here that this court should allow and order the appeal to act as a stay of proceedings in the court below (*en ambos efectos*).

Among other things the appellees insisted that the orders involved were not appealable. The order overruling the opposition of the appellant was a final judgment, as it put an end to his claim of opposition, sec. 188, Code of Civ. Proc.; *Rivera v. Cámara,* 17 P. R. R. 503; *Sabater v. Escudero,* 23 P. R. R. 794; and the order granting the provisional support was one rendered after judgment, and hence each was appealable under section 295 of the Code of Civil Procedure.

On May 31, 1917, the appellant filed an application for a writ of certiorari, the object of which was, to a large extent, the same as the present motion—to allow this appeal to act as a stay of proceedings. This court, after a hearing, annulled the writ. *Martínez v. Crosas,* 25 P. R. R. 735.

The certiorari was properly denied in that case, and even if it should be admitted that when an application for a judicial administrator is opposed the suit becomes an adversary one and an appeal in such case should be governed by the provisions of sections 297 and 298 of the Code of Civil Procedure, the denial of the certiorari would always be sustained for the reasons given in the last paragraph of the opinion.

However this may be, we cannot apply any remedy in this case because sufficient facts have not been properly brought into the record before us. The appellant's motion recites that the adverse parties and the court have violated the alleged legal stay in several particulars, but the motion is not verified. For proof of such alleged violations of the stay the appellant refers us to the previous proceedings, including Certiorari No. 191 which we have just mentioned. *Martínez v. Crosas, supra.* We have several times decided that we will not take judicial notice of another record in any but exceptional cases. *Succession of Igaravídez et al.* v. *Rubert Brothers et al.,* 23 P. R. R. 272; *Aparicio Brothers* v. *H. C. Christianson & Co.,* 25 P. R. R. 1. In the last case we held in effect that the courts will not generally permit a large part of the proceedings in another case to be brought into the record by suggestion to serve an affirmative purpose of an appellant. In the certiorari case, moreover, we had the original record before us, and that record was returned to the district court. In a proper case we might, perhaps, permit an appellant in the interest of justice to amend his record, but we see no reason for doing so in the present appeal, because we have reached the conclusion that the judgment and order appealed from must be affirmed.

Passing to the merits of the appeal, the fact that a legitimate son is in possession of property and contests every step that some other heirs take for the appointment of a judicial administrator, does not make it necessary for such other heirs to have recourse to an ordinary suit. The possession of the property and other like matters may, perhaps, be a question

between the judicial administrator and the heir in posses-
sion, but the fact that an heir is in possession, denying the
rights of other heirs, can only serve to emphasize the pro-
priety of naming a judicial administrator, subject to the con-
trol of the court.

We shall not spend much time on the form of the peti-
tion. The alleged defects were unimportant. If the par-
ticular facts, like the death of the ancestor, were not dis-
tinctly averred in the petition, they were a necessary infer-
ence from the existence of a *declaratoria de herederos* (desig-
nation of heirs), a matter easily cured by amendment; and
the omission was not a matter that could prejudice appellant.
In other parts of the pleadings he concedes the death of the
ancestor. There was no necessity for anything but a general
averment of the property to be administered, and not at all
necessary to attach the particular deeds as exhibits to the
petition.

Other matters alleged by petitioner are not really mat-
ters of form but of substance, as, for example, the failure
of the petitioners to allege that the property had deterio-
rated, or other similar matter. Other alleged errors are dis-
posed of by our opinion in *Méndez* v. *Martínez, ante,* p. 87.

The principal question before us is whether the court had
a right to name a judicial administrator to the exclusion of
the legitimate heir. When there is no question of a widower
it is evident that between heirs a legitimate son should gen-
erally be preferred to illegitimate children. This is very
evident from our decisions in *Sabater* v. *Escudero, supra,*
and *Díaz* v. *Cividanes,* 23 P. R. R. 787. Both of these cases,
however, carefully reserve the right of the court in excep-
tional cases to vary from the practice. We have no doubt
that this was such a case. The legitimate heir was in pos-
session of all of the property. The petitioner averred that
he claimed part of it as his own to the exclusion of the minor
heirs. The opposition of the appellant was to all appear-
ances extremely disingenuous. After having bitterly fought

these children for three or four years he was maintaining that there was no inheritance and doing it in a very vague and ambiguous form. So vague and ambiguous is the form of his contest or answer in regard to the property that it is questionable whether the facts of the minors' petition with respect to such property ought not to be taken as confessed against him for the purposes of this proceeding at least.

We transcribe a little of the contest:

"3. He admits allegation No. 3 of that petition in so far as it does not contradict the fact that the liabilities left by Víctor Martínez y Martínez and his wife, Secundina González y Gómez, greatly exceeded the assets according to a liquidation duly made, for which reason he left no estate in conformity with the rule that 'where there is debt there is no estate.'

"4. He admits that the farm of forty acres mentioned in the petition as property No. 1 belonged to Víctor Martínez and his wife, but avers that it now belongs to their creditor.

"5. He denies that property No. 2 belongs to Víctor Martínez, because since about three or ten years approximately it ceased to belong to him and his wife.

"6. He admits that property No. 3 belonged to Víctor Martínez and his wife, but avers that it now belongs to their creditor.

"7. He admits that the credit mentioned as No. 4 belonged to Víctor Martínez and his wife, but avers that it now belongs to their creditor.

"8. He denies that the credit mentioned as No. 5 ever belonged to Víctor Martínez.

"9. He denies that the property of 2.57 acres mentioned as No. 6 ever belonged to Víctor Martínez.

"10. He denies that the mortgage credit against Basiliso Berrero mentioned as No. 7 ever belonged to Víctor Martínez.

"11. He denies that the mortgage credit mentioned as No. 8 belongs to Víctor Martínez.

"12. He admits that the mortgage credit mentioned as No. 9 is recorded in the name of Víctor P. Martínez y González, but avers that said credit has been and is the exclusive property of the orator.

"13. He admits that the property of 5.47 acres mentioned in the said petition as No. 10 is recorded in the name of the orator and his wife, Milagros de los Ríos y Avila, but avers that it now belongs to Juan Antonio Medina.

"14. He admits that the property of 77 acres mentioned as No. 11, of the ward of Culebrinas, belonged at one time to the orator, Víctor P. Martínez, and his wife, Milagros de los Ríos Avila, but avers that it now belongs to Juan Antonio Medina.

"15. He admits that the property mentioned as No. 12 is recorded in the name of the orator, but avers that it is his exclusive property.

"16. He admits that the property of 14 acres mentioned as No. 13 is recorded in the name of the orator, but avers that it is his exclusive property.

"17. He admits that the house mentioned in the said petition as No. 14 was the exclusive property of the orator, but avers that it now belongs to Agustín Martínez.

"18. He admits that the mortgage credit against Claudina Jiménez mentioned as No. 15 is recorded in the name of the orator, but avers that it is his exclusive property."

It is unreasonable to suppose that there is no inheritance after so stout an opposition, and yet here is a legitimate son denying such inheritance. Furthermore, to refer to the fact that the property belongs to a creditor is in nowise to answer the affirmations of the petition. The court below said:

"Whereas, the estate being in the possession of the legitimate heir, Víctor P. Martínez y González, and it not appearing that any division of the said estate has been made, which is contrary to the rights of the other heirs, Pedro Angel and Laura María Martínez y Méndez, who are not enjoying any part of the said estate or its income, it therefore is necessary to appoint an administrator of the said estate.

"Whereas, Víctor P. Martínez y González, the contestant in this case, not only contested strongly the principal action for acknowledgment as natural children, but also opposed the ancillary proceedings of the same, such as the designation of heirs and the appointment of an administrator, facts which do not recommend him for appointment as such administrator of the estate."

The appellant, in spite of the fact that the minor children have a right to a part of the estate of their natural father, as declared by the courts of Porto Rico, has been putting every obstacle in the way of their enjoying any part that his ingenuity as a man and a lawyer can discover, and as we

have said, most disingenuously if the indications of the record are true and as the court below believed. In particular, we do not mean so much his attempt to prevent these children from being declared heirs, but we do mean the apparently unjustified attempt in the record to deny the existence of an inheritance. This attitude alone would make the exceptional case to which our decisions refer. No man ought to be trusted with the administration of an estate who with such vague, evasive, and scanty averments attempts to deny the existence of such an estate.

We find no reason to overrule the orders of the court below and they must be

*Affirmed.*

Justices del Toro and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey took no part in the decision of this case.